IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREAR STEPHEN SCHMID,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF PETALUMA,<br><br>    Defendant.<br>_____/ | No. C 11-05238 CRB<br><br>**ORDER REMANDING CASE** |

Defendants the City of Petaluma and Scott Stansfield removed the instant case from Sonoma County Superior Court on October 26, 2011. Because the Court lacks subject matter jurisdiction over Plaintiff Frear Stephen Schmid's ("Plaintiff's") state law claims, the case is REMANDED to Sonoma County Superior Court for further proceedings.

I.  **FACTUAL BACKGROUND**

Plaintiff filed a First Amended Complaint ("FAC") in Sonoma County Superior Court on October 18, 2011, asserting claims against the City of Petaluma, the County of Sonoma, individual police officers, and private citizen Scott Stansfield. Notice of Removal (dkt. 1) ("NOR") ¶ 1. The complaint alleges civil rights violations, negligence, and intentional tort claims. FAC ¶¶ 6-7. Plaintiff alleges violations of his civil rights "including but not limited to his rights under the United States Constitution, Amendments 1, 4, and 14, and the California Constitution, Article 1." Id. ¶ 6. Plaintiff seeks damages for the alleged civil

rights violations under California Civil Code sections 52.1 and 52.3, and does not assert a cause of action under 42 U.S.C. § 1983. Id.

Defendants the City of Petaluma and Scott Stansfield ("Defendants") filed a notice of removal on October 26, 2011. See NOR. The defendants base jurisdiction on Plaintiff's allegations that the police officers violated his rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution.[1] Id. ¶ 3. Defendants filed a Motion to Dismiss on February 3, 2012. See Mot. (dkt. 9).

## II.  LEGAL STANDARD

A court must dismiss an action if, at any time, the court finds that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal court is under an independent obligation to ensure jurisdiction is proper. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (quoting Allen v. Wright, 468 U.S. 737, 750 (1984)).

## III.  DISCUSSION

Federal courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A lawsuit originally filed in state court may be removed to federal court if federal subject matter jurisdiction is proper. 28 U.S.C. § 1441. The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

When violation of the Constitution or federal law is an essential element of a state law cause of action, federal subject matter jurisdiction exists. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 314 (2005). However, when a claim can be supported by alternate and independent theories, one based on state law and the other based on federal law, the federal question is not a necessary element and federal jurisdiction does not attach. Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996) (federal jurisdiction

---

[1] Diversity jurisdiction does not exist because Plaintiff, the City of Petaluma, the County of Sonoma, and the individual defendants are all residents of California. FAC ¶ 1.

did not attach when an element of the state law cause of action could be established by violation of either federal law or the California Constitution).

Plaintiff's claims do not confer subject matter jurisdiction on the Court because the federal issues are not essential to his causes of action. Plaintiff alleges constitutional claims of excessive force, false arrest, retaliatory arrest, malicious prosecution, and denial of due process, seeking damages under California Civil Code section 52.1. FAC ¶¶ 6-7. Plaintiff does not allege a cause of action under 42 U.S.C. § 1983. See FAC ¶ 7. Plaintiff alleges interference with his rights "under the United States Constitution . . . and the California Constitution, Article 1." FAC ¶ 6. Article 1 of the California Constitution contains provisions governing the alleged violations, all providing equal or greater protections than the federal Constitution. See People v. Brisendine, 531 P.2d 1099, 1113-14 (Cal. 1975), abrogated on other grounds, In re Lance W., 694 P.2d 744 (Cal. 1985) (Article I, section 13 of California's constitution provides greater protections than the Fourth Amendment); Rosenbaum v. City & County of S.F., 484 F.3d 1142, 1167 (9th Cir. 2007) (Article I, section 2 of California's constitutional guarantees of free speech exceed those of the First Amendment); Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1083 (E.D. Cal. 2008) (citing Ryan v. Cal. Interscholastic Fed'n-S.D. Section, 114 Cal. Rptr. 2d 798, 814 (Ct. App. 2001)) (California's due process analysis under Article I, section 7 closely follows federal analysis, except California does not require the plaintiff to establish a property or liberty interest before invoking due process). Furthermore, the California Constitution is "a document of independent force" separate from the federal Constitution. Brisendine, 531 P.2d at 1113. Plaintiff's claims under California Civil Code section 52.1 may be based on alternate, independent theories of liability: violation of the California Constitution, or violation of the federal Constitution. Thus, resolution of the federal issues is not necessary to Plaintiff's state-law claims, and, under Rains, federal question jurisdiction does not attach.

//
//
//

1  Accordingly, this case is REMANDED to Sonoma County Superior Court.

2  **IT IS SO ORDERED.**

5  Dated: February 6, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE